UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**MICHAEL ANDREW LONG**,<br><br>Debtor. | Case No. **07-60011-7** |
| **MOUNTAIN WEST BANK, N.A.**,<br><br>Plaintiff.<br><br>-vs-<br><br>**MICHAEL ANDREW LONG**,<br><br>Defendant. | Adv No. **07-00026** |

# MEMORANDUM OF DECISION

At Butte in said District this 18th day of July, 2008.

In this adversary proceeding, which is currently on appeal taken by the Plaintiff Mountain West Bank, N.A. ("MWB") of Judgment entered on June 17, 2008, Defendant's attorney James H. Cossitt ("Cossitt") filed on June 28, 2008, a motion for leave to withdraw as counsel (Docket No. 66). No objections were filed. The hearing on Cossitt's motion for leave to withdraw required by Montana Local Bankruptcy Rule ("Mont. LBR") 2090-5(a) was held after due notice at Missoula on July 17, 2008. Cossitt appeared and addressed the Court, and the letter attached to Cossitt's motion was admitted. The Court took Cossitt's motion under advisement at the hearing. After reviewing Cossitt's motion and the record, and applicable law, the Court denies

1

Cossitt's motion for the reasons stated below.

This Court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1334(b). While the Judgment is on appeal, this Court retains jurisdiction over all other matters that it must undertake to implement or enforce a judgment or order, although it "may not alter or expand upon the judgment." *In re Sherman*, 491 F.3d 948, 967 (9th Cir. 2007), quoting *In re Padilla*, 222 F.3d 1184 1190 (9th Cir. 2000). This Court has jurisdiction over Cossitt's motion, which does not seek to alter or expand upon the Judgment.

MWB was represented at the hearing by attorney Amy Randall, who did not object to Cossitt's motion for leave to withdraw. The Debtor/Defendant Michael Andrew Long did not appear at the hearing in person, and Long has not filed an appearance in this case *in propria persona*. Cossitt informed the Court at the hearing that Long has moved to Great Falls for his employment.

Cossitt has represented Long since the filing of his bankruptcy petition and through trial of this adversary proceeding held on January 28 and 29, 2008. The letter attached to Cossitt's motion for leave to withdraw dated February 25, 2008, which was admitted into evidence, provides in the first paragraph:

> This will confirm various discussions we had during your trial in Missoula. In particular, we discussed the scope of our employment and agreed that our employment *will terminate upon the entry of the Final Judgment* in the pending Adversary Proceeding with Mountain West Bank. In plain English, that means that once the Court enters Judgment our responsibility to continue to represent your interest will be over. If you lose, Mountain West Bank will be entitled to try to collect the debts against you. If you do win, there is the risk that Mountain West Bank might appeal the Judge's decision. In any event, we have agreed that our representation of you will be concluded when the Judge enters Final Judgment in the pending case.

(Emphasis added).

The letter is signed by Cossitt, but not by Long. At the hearing Cossitt repeated that his representation would terminate upon entry of final judgment, and he stated: "That has transpired." The Court disagrees. Judgment was entered on June 17, 2008, but MWB filed a timely notice of appeal. "Final judgment" is defined as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G); *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 601 (9th Cir. 2007). The Judgment is not a "final judgment" until the conclusion of appeals.

The Montana Rules of Professional Responsibility provide in pertinent part at Rule 1.16(b): "Except as stated in paragraph (c), a lawyer may withdraw from representing a client if: (1) withdrawal can be accomplished without material adverse effect on the interests of the client[.]" With MWB having taken an appeal of the Judgment, that appeal currently pending and all applicable timelines running, and the record lacking any indication that Long has obtained substitute counsel or that he intends to represent himself in the appeal, as this Court stated to Cossitt at hearing the Court sees his client at a real disadvantage in the appeal if Cossitt is granted leave to withdraw. The Court recognizes the hardship on Cossitt of continued representation, but the Court finds that Cossitt's withdrawal cannot be accomplished "without material adverse effect on the interests of the client."

Rule 1.16(c) of the Montana Rules of Professional Responsibility provides:

> A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

This Court in *In re Frazier*, 18 Mont. B.R. 305 (Bankr. D. Mont. 2000), ruled that the

3

responsibility of the debtors' attorney who had moved to withdraw as attorney would continue under U.S. District Court Rules of Procedure 110-4(a) until another attorney appeared on the debtors' behalf or until the debtors appeared in person. Given the material adverse effect on the Defendant's interest if Cossitt were to withdraw at this stage of this adversary proceeding, without substitute counsel, this Court deems it appropriate to deny Cossitt's motion for leave to withdraw until another attorney files a substitution.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above denying Cossitt's motion for leave to withdraw as Defendant's counsel.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana