# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**MICHAEL ANDREW LONG**,<br><br>Debtor. | Case No. **07-60011-7** |
| **MOUNTAIN WEST BANK, N.A.**,<br><br>Plaintiff.<br><br>-vs-<br><br>**MICHAEL ANDREW LONG**,<br><br>Defendant. | Adv No. **07-00026** |

## MEMORANDUM OF DECISION

At Butte in said District this 15th day of September, 2008.

In this adversary proceeding the Court held a hearing on September 11, 2008, on the "Motion to: 1) Alter or Amend Judgment; and 2) Motion for Relief or Judgment or Order (docket #75)" filed by Defendant's attorney James H. Cossitt ("Cossitt"), of Kalispell, Montana, on July 28, 2008 (hereinafter the "Motion"). No objection was filed, but the Debtor/Defendant Michael Andrew Long ("Long") appeared and testified in opposition to Cossitt's Motion, which seeks relief from the Court's Order entered July 18, 2008, denying Cossitt's motion to withdraw as Long's counsel (Docket No. 66). Cossitt appeared represented by attorney Jeffrey Greenwell, of Kalispell, Montana, and testified, and exhibits ("Ex.") 1, 2, 4, 5, 7, and 8 were admitted. At the

conclusion of the hearing the Court took Cossitt's Motion under advisement. After review of the record the Court concludes that Cossitt failed to satisfy his burden for relief under Fed. R. Civ. P. Rules 59(a)(2) and 60(b). A separate Order will be entered denying Cossitt's Motion.

This adversary proceeding is on appeal by the Plaintiff of the Judgment entered on June 16, 2008, in Long's favor dismissing Plaintiff's claims for relief, with a memorandum of decision. Notwithstanding the appeal, this Court retains jurisdiction over all matters that it must undertake to implement or enforce a judgment or order, although it may not alter or expand upon the judgment. *In re Sherman*, 491 F.3d 945, 967 (9th Cir. 2007). Thus, this Court has jurisdiction over Cossitt's Motion, which does not seek to alter or expand upon the Judgment on appeal.

## FACTS

Cossitt filed a motion to withdraw as Long's counsel on June 28, 2008 (Docket No. 66) which was heard on July 17, 2008. After that hearing the Court entered a memorandum of decision (Docket No. 74) and Order (Docket No. 75) denying Cossitt's motion to withdraw based on the fact that Cossitt had agreed by letter and hearing that his representation would terminate upon entry of final judgment, which has not occurred because of Plaintiff's appeal, and because Cossitt's withdrawal cannot be accomplished without material adverse effect on the interests of the client, Long.

Cossitt filed his instant Motion for relief on the grounds that he has instituted collection proceedings by filing a complaint against Long in Flathead County District Court on April 22, 2008, which has not been served on Long. At the hearing Cossitt testified that Long's legal bill owed to Cossitt's law firm exceeds $30,000, which is between six and nine percent of Cossitt's

2

law firm's annual gross revenue, and that a mortgage which Long had granted Cossitt to secure payment is subject to foreclosure proceedings. Cossitt testified that he cannot assess the risk of the issues on appeal because of the state of Plaintiff's appellate filings, and that after loss of his security through foreclosure he will become an unsecured creditor at risk of loss of Long's mounting legal bill. In addition, Cossitt testified that he will have to draw on his line of credit to pay for his overhead because of Long's nonpayment. Cossitt testified that the debtor/creditor relationship between himself and Long and the collection suit presents an untenable conflict of interest.

Long appeared and adamantly stated his opposition to Cossitt's withdrawal. Long testified that he is employed as a long haul trucker and is making every effort to make payments to Cossitt, and that he has sent Cossitt payments of $300 this month, $400 in previous months and other payments when he can, but that his miles were cut back when he was recently hospitalized in Texas. Long testified that he is not able to represent himself in the appeal, that he cannot afford other counsel, and that without Cossitt's representation he will lose the appeal and end up living on the street. Long feels that Cossitt brought him this far and should see the case through appeal.

On rebuttal Cossitt assured that if ordered to continue representing Long, Cossitt will perform his duties to his client and the adversary system of competent representation.

## DISCUSSION

Cossitt's Motion seeks relief under Rules 59(a)(2) and 60(b). Rule 59(a)(2), which applies in bankruptcy cases under F.R.B.P. 9023, provides that a court may, on motion, grant a new trial on all or some of the issues – and to any party, "(B) Further Action After a Nonjury

3

Trial. After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Rule 59(e), providing for motions to alter or amend judgment, includes motions for reconsideration. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); *In re Pillard*, 20 Mont. B.R. 445, 450 (Bankr. D. Mont. 2003); 11 Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 2nd § 2810.1.

In *Brandt v. Esplanade of Central Montana, Inc., et al.*, 19 Mont. B.R. 401, 403 (D. Mont. 2002), the District Court, in affirming this Court's decision, discussed amendment of an order under Rule 59(e): "Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *School Dist. No. 1J, Mutnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Pillard*, 20 Mont. B.R. at 450. A motion for reconsideration should not be granted if the above test is not met, absent highly unusual circumstances. *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Finally, a Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Pillard*, 20 Mont. B.R. at 450; *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The Ninth Circuit BAP *In re Hansen*, 368 B.R. 868, 878 (9th Cir. BAP 2007) wrote that reconsideration under Rules 59(e) and 9023 "is appropriate only if the moving party demonstrates (1) manifest error of fact; (2) manifest error of law; or (3) newly discovered evidence." *See also In re Basham*, 208 B.R. 926, 934 (9th Cir. BAP 1997), *aff'd*, 152 F.3d 924 (9th Cir. 1998) (table).

Applying the above test to Cossitt's Motion, the Court concludes that Cossitt failed to satisfy his burden under Rule 59(a)(2). The pending Motion does not allege or show manifest error of fact or law, or an intervening change in controlling law. In fact Long's testimony at the September 11, 2008, hearing reinforced the Court's finding and conclusion that allowing Cossitt to withdraw would have a material adverse effect on his client's interests, leaving Long unable to afford alternate counsel and unable to defend the appeal by himself.

Cossitt testified that, when he stated that his representation of Long "will terminate upon the entry of the Final Judgment," he and Long contemplated that "final judgment" meant after this Court entered judgment. Long disagreed. This Court addressed the meaning of "final judgment" in its earlier memorandum, Docket No. 74, at pp. 2-3. "Final Judgment" is defined by federal statute and controlling Ninth Circuit authority, and is not final until the conclusion of appeals. 28 U.S.C. § 2412(d)(2)(G); *Hua Hong Van v. Barnhart*, 483 F.3d 600, 601 (9th Cir. 2007).

Next, Cossitt contends the existence of a conflict of interest between himself and his client who now owes him more than $30,000. Cossitt testified that he initiated a collection action against Long in state court. Ex. 7 is the state court complaint which Cossitt filed against Long on April 28, 2008. The state court filing was before Cossitt filed his original motion to withdraw as counsel on June 28, 2008, Docket No. 66. As stated above, a Rule 59 motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Pillard*, 20 Mont. B.R. at 450; *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d at 890. Since Cossitt did not disclose the state court lawsuit at the time of his original motion to withdraw, he may not raise that as argument or evidence in a Rule

5

59 motion. *Id.*

Cossitt also moves for relief under Rule 60(b), which applies under F.R.B.P. 9024 and provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

*Pillard*, 20 Mont. B.R. at 451-52.

None of the provisions of Rule 60(b) apply to this Court's decision to deny Cossitt's motion to withdraw. Cossitt did not allege or show mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud or any other reason justifying the relief sought.

The Court sympathizes with Cossitt regarding the unpaid legal fee, a circumstance all too common in the field of bankruptcy debtor practice. Cossitt's unpaid fees now exceed $30,000, and he is on the verge of becoming an unsecured creditor upon foreclosure of his security. On the other hand, Long has made sporadic payments and appeared and stated under oath that he intends to continue making payments. His debt to Cossitt is post-petition and may not be subject to discharge in the instant case. The existence of the state court lawsuit presents a potential conflict, but it is a conflict of Cossitt's own making by filing the lawsuit.

Cossitt stated that he would fulfill his duty to represent his client in the appeal if required, which is consistent with the ethical obligations of the practice. Having considered Cossitt's additional evidence, the Court concludes that Cossitt failed to satisfy his burden under Rules 59(a)(2) and 60(b) for relief from the Court's conclusion that Cossitt's withdrawal cannot be accomplished without material adverse effect on the interests of the client.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above denying Cossitt's "Motion to: 1) Alter or Amend Judgment; and 2) Motion for Relief or Judgment or Order (docket #75)" filed on July 28, 2008.

BY THE COURT

*Ralph B Kirscher*
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana